UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**SAMUEL IMANUEL WEBB, #156113,**

 Petitioner,

             Civil No: 2:06-CV-10666
             Honorable Gerald E. Rosen
             Magistrate Paul J. Komives

v.

**PATRICIA A. CARUSO &
CARMEN D. PALMER**,

 Respondents.
_____

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**SAMUEL IMANUEL WEBB, #156113,**

 Petitioner,

             Civil No: 2:05-CV-73228
             Honorable Gerald E. Rosen
             Magistrate Donald A. Scheer

v.

**PATRICIA A. CARUSO &
MICHAEL A. COX**,

 Respondents.
_____

**OPINION & ORDER CONSOLIDATING
CASE #06-CV-10666 WITH CASE #05-CV-73228**

**I.**

 This matter is before the Court on Petitioner's, Samuel Imanuel Webb's, *pro se* request for Writ of Habeas Corpus pursuant to 28 U.S.C. §2254. Petitioner, a state prisoner confined at

Riverside Correctional Facility in Ionia, Michigan[1], is challenging his May 6, 1993 conviction by guilty plea of four counts of delivery and manufacture of more than 50 grams of a controlled substance in violation of MCL §333.7401(2)(a)(iv) and one count of possession of more that 25 grams of cocaine in violation of MCL §333.7403(2)(a)(v).

Petitioner drafted his habeas petition on a standard form on August 22, 2005 and it was assigned the case number of 05-CV-73228. On February 15, 2006, Petitioner filed another petition, but sub-titled it "Supplement to the Court Form." Petitioner submitted a filing fee along with the "supplement" which prompted the clerk of the court to treat the filing as a new case. Accordingly, it was assigned the new case number of 06-CV-10666. Both cases were randomly assigned to Judge Gerald E. Rosen. For the reasons that follow, the Court finds that case #06-CV-10666 should be consolidated with case #05-CV-73228.

## II.

In this case, it is clear by Petitioner's labeling of the 06-CV-10666 petition that he intended for it to amend or "supplement" his 05-CV-73228 habeas corpus petition as opposed to it being considered a new petition. Upon reviewing the content of both petitions, it is also apparent that both pleadings present parallel and virtually identical facts and legal issues. Whether cases involving the same factual and legal questions should be consolidated is a matter within the discretion of the trial court. *Stemler v. Burke*, 344 F.2d 393, 396 (6th Cir.1965).

For purposes of habeas corpus litigation, in making a decision to consolidate, this Court must consider: specific risks of prejudice to Petitioner's case, possible confusion, inconsistent

---

[1] When Petitioner filed his 2005 habeas petition, he was housed at Huron Valley Complex-Men's in Ypsilanti, Michigan.

adjudications of common legal issues, convenience, and judicial economy. *Cantrell v. GAF Corp.*, 999 F.2d 1007, 1011 (6th Cir.1993). The decision to consolidate is one that must be made thoughtfully, with specific reference to the factors identified above. *Id.* Care must be taken that consolidation does not result in unavoidable prejudice or unfair advantage. *Id.*

In the instant cases, Petitioner is challenging the same 1993 conviction and is raising virtually identical issues. "[G]enerally, a suit is duplicative if the claims, parties, and available relief do not significantly differ between the two actions ." *Serlin v. Arthur Andersen & Co.*, 3 F.3d 221, 223 (7th Cir.1993) (internal quotation marks and citations omitted). A district court, as part of its general power to administer its docket, "may stay or dismiss a case that is duplicative of another federal court suit." *Curtis v. Citibank, N.A.*, 226 F.3d 133, 138 (2d Cir.2000).

Although the 2005 and 2006 filings are significantly similar, there are distinctions which preclude the two petitions from being duplicative: (1) attached additional documentation which was not apart of the 2005 petition; (2) additional legal citation within the text of the brief; (3) two newly raised issues that were not briefed in the 2005 petition (i.e., ineffective assistance of counsel and invalidity of sentence); and (4) Petitioner added Carmen Palmer, the Michigan Department of Corrections Director, as a party respondent. Relative to the 2005 case, a response to the habeas petition was filed on March 1, 2006; Petitioner filed his reply on March 6, 2006[2]; and the matter remains pending before this Court.

The Court finds that the risk of administrative inconvenience and confusion, delay, dismissal of Petitioner's claims, the burden on available judicial resources and the risk of any inconsistent

---

[2] Petitioner's reply brief in the 2005 case has identical exhibit attachments to some of those that were filed with the 2006 supplemental petition.

adjudications of common legal issues, outweigh any prejudice or confusion that could flow from a decision to consolidate. Therefore, in the interest of convenience the Court finds that it should *sua sponte* consolidate case #06-CV-10666 with case #05-CV-73228. *Fed. R. Civ. P. 42(a)*[3]; *Gentry v. Smith,* 487 F. 2d 571, 581 (5th Cir. 1973).

### III.

For the reasons stated, this Court concludes that Petitioner's 2005 and 2006 filings with the Court should be consolidated in the interest of administrative convenience, in order to preclude any delay in the adjudication of this matter, and to prevent any prejudice that Petitioner may be subjected to as a result of treating the 2006 supplement as a new and separate case.

Accordingly,

IT IS HEREBY ORDERED that Case # 06-CV-10666 be consolidated with Case #05-CV-73228.

IT IS FURTHER ORDERED that all future documents and pleadings relative to this matter be filed under Case #05-CV-73228.

IT IS FURTHER ORDERED that all future documents and pleadings relative to this matter maintain the caption indicated on pleadings filed under Case #05-CV-73228 and list the respondents as Patricia A. Caruso, et. al.

---

[3] **Consolidation of Actions**
Federal Rule of Civil Procedure 42(a) provides that "[w]hen actions involving a common question of law or fact are pending before the court, ... it may order all the actions consolidated; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay."

IT IS FURTHER ORDERED that the existing district court judge, the Honorable Gerald E. Rosen, will remain the district court judge in this matter and that Magistrate Judge Donald A. Scheer will remain the magistrate judge.

IT IS FURTHER ORDERED that Case #06-CV-10666 be closed upon the entry of this Order.

s/Gerald E. Rosen<br>
Gerald E. Rosen<br>
United States District Judge

Dated:  May 23, 2006

I hereby certify that a copy of the foregoing document was served upon counsel of record on May 23, 2006, by electronic and/or ordinary mail.

s/LaShawn R. Saulsberry<br>
Case Manager