UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SAMUEL IMANUEL WEBB,

        Petitioner,

v.
        CASE NO. 05-CV-73228-DT
        HONORABLE GERALD E. ROSEN

PATRICIA A. CARUSO,

        Respondent.
                                        /

**OPINION AND ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS
AND DENYING MOTIONS FOR APPOINTMENT OF COUNSEL
AND TO PROCEED *IN FORMA PAUPERIS***

**I. Introduction**

      This is a habeas case under 28 U.S.C. § 2254.  Samuel Imanuel Webb ("Petitioner"), a state prisoner currently confined at the Riverside Correctional Facility in Ionia, Michigan, has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 alleging that he is incarcerated in violation of his constitutional rights.  Petitioner has paid the filing fee for this action.  Petitioner has also filed motions for appointment of counsel and to proceed *in forma pauperis*.  For the reasons set forth below, the Court dismisses the petition for failure to comply with the one-year statute of limitations set forth at 28 U.S.C. § 2244(d) and denies Petitioner's outstanding motions.

**II. Facts and Procedural History**

      Petitioner was convicted of four counts of delivery or manufacture of a controlled substance of more than 50 grams and one count of delivery or manufacture of a controlled

1

substance of less than 25 grams in the Washtenaw County Circuit Court in 1993. He was sentenced to one to 20 years imprisonment on three counts, two to 20 years imprisonment on one count, and one to four years imprisonment on one count, to be served consecutively.

Following sentencing, Petitioner filed an appeal with the Michigan Court of Appeals, but his case was dismissed for failure to file the case in conformity with the rules. *People v. Webb*, No. 171525 (Mich. Ct. App. March 16, 1994). Petitioner attempted to appeal this decision to the Michigan Supreme Court, but his application was late and rejected by that court on April 27, 2001. *See* Affidavit of Corbin R. Davis, Michigan Supreme Court Clerk.

Petitioner submitted a delayed application for leave to appeal to the Michigan Court of Appeals (dated August 20, 2003) on September 8, 2003, but the court dismissed the case for lack of jurisdiction because it was not filed within the 12-month period required by the court rules. *See People v. Webb*, No. 250778 (Mich. Ct. App. Nov. 13, 2003). Petitioner did not appeal this decision to the Michigan Supreme Court. *See* Affidavit of Corbin R. Davis, Michigan Supreme Court Clerk.

Petitioner dated the present petition for writ of habeas corpus on August 8, 2005. In his pleadings, Petitioner raises claims concerning the voluntariness of his plea, his right against self-incrimination, sentencing errors, and double jeopardy. Respondent has filed an answer to the petition asserting that it should be dismissed as untimely and based upon procedural default. Petitioner has filed a reply to that answer, as well as motions for appointment of counsel and to proceed *in forma pauperis*.

**III. Discussion**

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), codified at 28 U.S.C. § 2241 *et seq*., became effective on April 24, 1996. The AEDPA governs the filing date

for this action because Petitioner filed his petition after the AEDPA's effective date. *See Lindh v. Murphy*, 521 U.S. 320, 336 (1997). The AEDPA amended 28 U.S.C. § 2244 to include a one-year period of limitations for habeas petitions brought by prisoners challenging state court judgments. The revised statute provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

Petitioner's convictions became final before the AEDPA's April 24, 1996 effective date. Prisoners whose convictions became final prior to the AEDPA's effective date are given a one-year grace period in which to file their federal habeas petitions. *See Abela v. Martin*, 348 F.3d 164, 167 (6th Cir. 2003). Accordingly, Petitioner was required to file his habeas petition on or before April 24, 1997, excluding any time during which a properly filed application for state post-conviction or collateral review was pending in accordance with 28 U.S.C. § 2244(d)(2).

Petitioner's late application for leave to appeal was rejected by the Michigan Supreme Court in April, 2001. Petitioner did not file his delayed application for leave to appeal with the Michigan Court of Appeals until September, 2003. Thus, the one-year limitations period expired well before Petitioner sought state post-conviction review. A state court post-conviction motion that is filed following the expiration of the limitations period cannot toll that period because there is no period remaining to be tolled. *See Hargrove v. Brigano*, 300 F.3d 717, 718 n. 1 (6th Cir. 2002); *Webster v. Moore*, 199 F.3d 1256, 1259 (11th Cir. 2000); *see also Jurado v. Burt*, 337 F.3d 638, 641 (6th Cir. 2003). Petitioner's state post-conviction proceedings did not toll the running of the statute of limitations. Furthermore, the AEDPA's limitations period does not begin to run anew after the completion of state post-conviction proceedings. *See Searcy v. Carter*, 246 F.3d 515, 519 (6th Cir. 2001).

Petitioner has neither alleged nor established that the state created an impediment to the filing of his habeas petition, or that his claims are based upon newly-discovered facts or newly-recognized constitutional rights which have been given retroactive effect. His habeas action is thus barred by the statute of limitations set forth at 28 U.S.C. § 2244(d).

The United States Court of Appeals for the Sixth Circuit has determined that the one-year limitations period is not a jurisdictional bar and is subject to equitable tolling. In *Dunlap v. United States*, 250 F.3d 1001, 1008-09 (6th Cir. 2001), the Sixth Circuit ruled that the test to determine whether equitable tolling of the habeas limitations period is appropriate is the five-part test set forth in *Andrews v. Orr*, 851 F.2d 146 (6th Cir. 1988). The five parts of this test are:

> (1) the petitioner's lack of notice of the filing requirement; (2) the petitioner's lack of constructive knowledge of the filing requirement; (3) diligence in pursuing one's rights; (4) absence of prejudice to the respondent; and (5) the petitioner's reasonableness in remaining ignorant of the legal requirement for filing his claim.

*Dunlap*, 250 F.3d at 1008. A petitioner has the burden of demonstrating that he is entitled to equitable tolling. *See Griffin v. Rogers*, 308 F.3d 647, 653 (6th Cir. 2002). "Typically, equitable tolling applied only when a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond that litigant's control." *Jurado v. Burt*, 337 F.3d at 642 (quoting *Graham-Humphreys v. Memphis Brooks Museum of Art, Inc.*, 209 F.3d 552, 560 (6th Cir. 2000)).

Petitioner sets forth no circumstances which caused him to institute his state post-conviction proceedings well after the expiration of the one-year limitations period. The fact that Petitioner is untrained in the law, was proceeding without a lawyer, or may have been unaware of the statute of limitations for a certain period does not warrant tolling. *See Allen v. Yukins*, 366 F.3d 396, 403 (6th Cir. 2004) (ignorance of the law does not justify tolling); *Holloway v. Jones*, 166 F. Supp. 2d 1185, 1189 (E.D. Mich. 2001) (lack of professional legal assistance does not justify tolling); *Sperling v. White*, 30 F. Supp. 2d 1246, 1254 (C.D. Cal. 1998) (citing cases establishing that ignorance of the law, illiteracy, and lack of legal assistance do not justify tolling). Additionally, a petitioner's possible mental illness or incompetence is not a *per se* reason to toll the statute of limitations for filing a federal habeas petition. *See Brown v. McKee*, 232 F. Supp. 2d 761, 767-68 (E.D. Mich. 2002). Rather, the alleged mental incompetence must somehow have affected the petitioner's ability to timely file a habeas petition. *Id*. (citing cases). The petitioner bears the burden of showing that mental health problems rendered him unable to file a habeas petition within the one-year period. *Id.* Petitioner has made no such showing.

The Sixth Circuit has recently held that a credible claim of actual innocence may equitably toll the one-year statute of limitations set forth at 28 U.S.C. § 2244(d)(1). *See Souter v. Jones*, 395 F.3d 577, 588-90 (6th Cir. 2005); *see also Holloway,* 166 F. Supp. 2d at 1190. As

5

explained in *Souter, supra*, to support a claim of actual innocence, a petitioner in a collateral proceeding "must demonstrate that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him." *Bousley v. United States*, 523 U.S. 614, 623 (1998) (quoting *Schlup v. Delo*, 513 U.S. 298, 327-28 (1995)). A valid claim of actual innocence requires a petitioner "to support his allegations of constitutional error with new reliable evidence--whether it be exculpatory scientific evidence, trustworthy eyewitness account, or critical physical evidence--that was not presented at trial." *Schlup*, 513 U.S. at 324. Furthermore, actual innocence means "factual innocence, not mere legal insufficiency." *Bousley*, 523 U.S. at 623. Petitioner has made no such showing of actual innocence. He has thus failed to demonstrate that he is entitled to equitable tolling of the one-year period.

### IV.  Conclusion

Based on the foregoing analysis, the Court concludes that Petitioner failed to file his habeas petition within the one-year limitations period established by 28 U.S.C. § 2244(d) and that the statute of limitations precludes federal review of the petition.

Accordingly, the Court **DISMISSES WITH PREJUDICE** the petition for writ of habeas corpus. Given this determination, the Court also **DENIES** Petitioner's outstanding motions for appointment of counsel and to proceed *in forma pauperis*.

        s/Gerald E. Rosen
        Gerald E. Rosen
        United States District Judge

I hereby certify that a copy of the foregoing document was served upon counsel of record on July 21, 2006, by electronic and/or ordinary mail.

        s/LaShawn R. Saulsberry
        Case Manager